UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XAVIER NAILING,<br><br>        Plaintiff,<br><br>    v.<br><br>K. BIGONI, et al.,<br><br>        Defendants. | Case No. 1:20-cv-00668-DAD-EPG (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ISSUANCE OF SUBPOENAS DUCES TECUM<br><br>(ECF NO. 31)<br><br>THIRTY-DAY DEADLINE<br><br>ORDER DIRECTING CLERK TO SEND PLAINTIFF TWO COPIES OF FORM AO 88B AND TWO COPIES OF FORM USM-285 |

      Xavier Nailing ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case is proceeding on Plaintiff's complaint filed on May 8, 2020, against defendants Bigoni and Moua.

      On February 9, 2021, Plaintiff filed a motion for the issuance of subpoenas *duces tecum*.  (ECF No. 31).  Plaintiff seeks the case file for criminal case No. BA441591 from the District Attorney and the Public Defender.  Plaintiff states that he contacted both to request a copy of the case file, but he was told by both that the records would not be released without a subpoena.

      "A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials."  Fed. R. Civ. P. 45(a)(1)(D).  "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection

1

of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4).

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id.

While Plaintiff did not explain why the case files are relevant to this action in his motion, based on a review of the record and what the parties and the Court discussed at that scheduling conference, the documents appear sufficiently relevant that the Court will grant Plaintiff's request. In this action Plaintiff alleges that he was confined in prison 139 days longer than he was supposed to be. (ECF No. 23, p. 2). He appears to allege that records from his criminal case are relevant to proving this. (See, e.g., ECF No. 1, p. 2; ECF No. 23, pgs. 1-2). Additionally, at the scheduling conference Plaintiff alleged that there were documents from his criminal case that are relevant to proving Plaintiff's case.

Therefore, the Court will grant Plaintiff's motion and send him two subpoena *duces tecum* forms (form AO 88B) to complete and return. The Court notes that nothing in this order prevents the District Attorney or the Public Defender from objecting to these requests or filing a motion to quash the subpoena.

Plaintiff may file a motion to compel after he receives response(s) to his requests if he wishes to challenge the response(s), or if he does not receive a response.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for the issuance of subpoenas *duces tecum* is GRANTED.
2. The Clerk of Court is directed to send Plaintiff two copies of form AO 88B and two copies of form USM-285.

3. Plaintiff has thirty days from the date of service of this order to complete and return both AO 88B forms and both USM-285 forms.

IT IS SO ORDERED.

Dated: __**February 12, 2021**__                    /s/ Erica P. Grosjean
                                                     UNITED STATES MAGISTRATE JUDGE