|  |  |
|---|---|
| XAVIER NAILING,<br><br>                              Plaintiff,<br><br>           v.<br><br>PAT MOUA,<br><br>                              Defendant. | Case No. 1:20-cv-00668-ADA-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DECLARATION OF JUDGMENT<br><br>(ECF No. 53) |

Xavier Nailing ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On October 17, 2022, Plaintiff filed a motion for declaration of judgment pursuant to Federal Rule of Civil Procedure 57 and under 28 U.S.C. § 2201. (ECF No. 53). Plaintiff states the Court may enter judgment against defendant Moua if he and his superiors repeatedly illegally rescinded milestone completion credits. Plaintiff alleges that there is a real threat that defendant Moua will continue to illegally rescind milestone completion credits. Plaintiff alleges that he knew of at least three dozen inmates on just one yard that had their credits rescinded by defendant Moua and his superiors. Plaintiff asks the Court to enter judgment against defendant Moua without a trial.

Plaintiff has not cited to any law allowing the Court to enter judgment for him in this

situation, and the Court is not aware of any. Federal Rule of Civil Procedure 57 states that "[t]hese rules govern the procedure for obtaining a declaratory judgment under 28 U.S.C. §2201. Rules 38 and 39 govern a demand for a jury trial. The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate. The court may order a speedy hearing of a declaratory-judgment action." Neither Rule 57 nor 28 U.S.C. §2201 states that a court should enter judgment because a plaintiff alleges a repeated pattern of illegal conduct by a defendant. Additionally, the cases cited by Plaintiff are distinguishable. In Kroehler v. Scott, 391 F. Supp. 1114 (E.D. Pa. 1975), and Buise v. Hudkins, 584 F.2d 223 (7th Cir. 1978), it appears that the parties either stipulated to the relevant facts or the district judge made the relevant factual findings. In this case, both parties have demanded a jury trial. (ECF Nos. 1 & 18). Finally, the Court notes that Plaintiff did not move for summary judgment and that his time to do so has long since passed (see ECF No. 30).

Based on the foregoing, IT IS ORDERED that Plaintiff's motion for a declaration of judgment is DENIED.

IT IS SO ORDERED.

Dated: **October 18, 2022**         /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE